UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES R. YOUNG,

    Plaintiff,

v.                                  Case No: 5:14-cv-62-Oc-29PRL

UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, S. LEE, M.D., R. LI, M.D., R. CARVER, M.D., J. CACHO, MLP, M. RAMOS, MLP, S. BUGGS, RN AHSA, FNU PIERCE, Therapy Specialist, and BEN L. CHIANG, Orthopedic Surgeon,

    Defendants.
_____

**OPINION AND ORDER**

**I.**

This matter comes before the Court upon review of the file. Plaintiff James R. Young, a federal prisoner incarcerated at FCC-Coleman, initiated this action proceeding *pro se* by filing a "Civil Rights Complaint Form" (Doc. #1). Plaintiff is now proceeding on his Amended Complaint (Doc. #8, Amended Complaint). Plaintiff's motion for leave to proceed in forma pauperis has been granted. See Doc. #10. Based on the reasons that follow, the Court finds that United States Department of Justice and the Federal Bureau of Prisons are subject to dismissal as named defendants. Additionally, considering service has yet to be executed on

defendants, Plaintiff's motions for summary judgment are premature and are due to be denied accordingly. See Docs. #13, #15. Plaintiff's motion for waiver of prepayment of service fees is also denied as unnecessary. See Doc. #12. By separate order, the Magistrate Judge will direct the United States Marshals to serve the remaining defendants.

## II.

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. See also § 1915(e)(2). The standards that apply to a

dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under §1915A. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the Court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(B)(ii) is identical to the screening language of § 1915A.[2] Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. The

---

[2]Plaintiff, who is a prisoner, sought leave to proceed in forma pauperis in this action. Thus, the Complaint is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556.  Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted).  Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 556 U.S. 678. "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (citation and internal quotation marks omitted).  Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III.

The Amended Complaint alleges a deliberate indifference to a serious medical condition claim under the Eighth Amendment. Specifically, Plaintiff files this action under the Federal Tort Claims Act and Bivens[1] stemming from lack of treatment of various injuries he sustained when he slipped and fell on water outside of the shower at FCC-Coleman.  Plaintiff names the following

---

[1]Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971).

Defendants: the United States of America; the United States Department of Justice; the Federal Bureau of Prisons; S. Lee, M.D.; R. Li, M.D.; R. Carver, M.D.; J. Cacho, MLP; M. Ramos, MLP; S. Buggs, RN AHSA; Mr. Pierce, Therapy Specialist; and Mr. Chiang, M.D. Orthopedic Surgeon. Amended Complaint at 1.

**Federal Tort Claims Act ("FTCA")**

"It is well settled that sovereign immunity bars suit against the United States except to the extent that it consents to be sued." Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999). The FTCA provides a "limited waiver" of this sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment.'" JBP Acquisitions, L.P. v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)). FTCA liability attaches "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

The United States is the only permissible defendant in an FTCA action. See 28 U.S.C. § 2679(b)(1)(stating that the FTCA remedy against the United States "is exclusive of any other civil action or proceeding for money damages by reason of the same

subject matter against the employee whose act or omission gave rise to the claim"); United States v. Smith, 499 U.S. 160, 166–67 & n.9 (1991)(noting that § 2679(b)(2) provides two exceptions to the exclusive remedy provision, allowing injured plaintiffs to obtain "remedy for torts committed by Government employees in the scope of their employment" under Bivens or "under a federal statute that authorizes recovery against a Government employee"). Therefore, a plaintiff may proceed against the United States, as the sole permissible defendant under the FTCA, and against a federal employee, under Bivens, and he may do so in the same civil action.  See Denson v. United States, 574 F.3d 1318, 1336 (11th Cir. 2009)(noting that "[a]s co-extensive causes of action, Bivens and FTCA claims necessarily arise from the same wrongful acts or omissions of a government official[,]" and analyzing viability of both sets of claims)(quoting Carlson v. Green, 446 U.S. 14, 20 (1980), for proposition that "plaintiffs, '[i]n the absence of a contrary expression from Congress, . . . shall have an action under FTCA against the United States as well as a Bivens action against the individual officials alleged to have infringed their constitutional rights'").

### Bivens

To state a claim for relief under Bivens v. Six Unknown Agents, a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right,

privilege, or immunity secured by the Constitution of the United States. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). A plaintiff may bring a Bivens action against a federal officer in his individual capacity; however, a plaintiff may not bring a Bivens action against a federal agency or federal officer in his official capacity. See Solliday v. Fed. Officers, 413 F. App'x 206, 209-210 (11th Cir. 2011) (citing Corr. Sevs. Corp. v. Malesko, 534 U.S. 61, 71, 122 S. Ct. 515, 521-22, 151 L. Ed. 2d 456 (2001)(holding that Bivens is only concerned with deterring the unconstitutional acts of individual officers). The only remedy available in a Bivens action is an award for monetary damages from defendants in their individual capacities. Higazy v. Templeton, 505 F.3d 161, 169 (2d Cir. 2007) (citing Polanco v. United States DEA, 158 F.3d 647, 652 (2d Cir. 1998)).

The Eleventh Circuit has incorporated 42 U.S.C. § 1983 law into analogous Bivens actions. Id. at 209. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

Supervisory officials in a Bivens claim are not liable for the unconstitutional acts of their subordinates simply on the basis

of *respondeat superior* or vicarious liability. Solliday v. Fed. Officers, 413 F. App'x 206 at 209 (citing Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003)). "Supervisors can be held liable under [Bivens] when a reasonable person in the supervisor's position would have known that his conduct infringed upon the constitutional rights of the plaintiffs, and his conduct was causally related to the constitutional violation committed by his subordinate." Id. (citing Greason v. Kemp, 891 F. 2d 829, 836 (11th Cir. 1990)) (internal quotation marks omitted).

To sustain a Bivens action, the plaintiff must first demonstrate that his or her constitutional right was violated. Id. (citing Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990)). "However, as long as the conditions or degree of confinement to which the prisoner is subjected are within the sentence imposed and not otherwise violative of the Constitution, the Due Process Clause does not subject an inmate's treatment by prison authorities to judicial oversight." Id. at 209 (citing Montanye v. Haymes, 427 U.S. 236, 242 (1976) (internal quotations omitted)). Finally, the Court has refused to extend Bivens action to a private corporation. Corr. Servs. Corp. v. Malesko, 534 U.S. 61 (2001).

**Dismissal of Defendants**

The Court finds the United States Department of Justice and the Federal Bureau of Prisons are subject to dismissal. As stated

above, under the FTCA, only the United States is properly named as a defendant. Thus, Plaintiff cannot bring a claim against the Federal Bureau of Prisons or the United States Department of Justice under the FTCA. To the extent Plaintiff intended to pursue a <u>Bivens</u> action against the Department of Justice or the Federal Bureau of Prisons, <u>Bivens</u> does not extend to federal agencies. <u>Nalls v. Coleman Low Federal Inst.</u>, 307 F. App'x 296, 298 (11th Cir. 2009).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's motions for summary judgment (Docs. #13, #15) are **DENIED as premature**.

2. Plaintiff's Motion Request for Waiver of Prepayment (Doc. #12) is **DENIED.**

3. The United States Department of Justice and the Federal Bureau of Prisons are **DISMISSED** as named defendants.

4. The Clerk of Court shall correct the docket and caption of the case accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___17th___ day of October, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record