UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES R. YOUNG,

            Plaintiff,

v.                                    Case No: 5:14-cv-62-Oc-29PRL

UNITED STATES OF AMERICA, S.
LEE, M.D., R. LI, M.D., R.
CARVER, M.D., J. CACHO, MLP,
M. RAMOS, MLP, S. BUGGS, RN
AHSA, FNU PIERCE, Therapy
Specialist, and BEN L.
CHIANG, Orthopedic Surgeon,

            Defendants.

_____

## OPINION AND ORDER

### I.  Introduction

Plaintiff James R. Young, a federal prisoner who is proceeding in this action *pro se*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1).  Plaintiff is now proceeding on his Amended Complaint (Doc. #8, Amended Complaint) against the United States and several medical defendants, including: Doctor S. Lee; Doctor R. Li; Doctor R. Carver; J. Cacho, MLP; M. Ramos, MLP; S. Buggs, RN AHSA; Mr. Pierce, Therapy Specialist; and, Doctor Ben L. Chiang, who Plaintiff identifies as an orthopedic surgeon. Liberally construed, the Amended Complaint alleges violations under the Federal Tort Claims Act (FTCA) for negligence and malpractice, and Bivens v. Six Unknown Named Agents, 403 U.S. 388

(11th Cir. 1971) stemming from the alleged failure to treat Plaintiff's injuries he sustained after slipping and falling on water outside of his shower at FCC-Coleman. Amended Complaint at 9-12.

Defendants Lee, Li, Carver, Cacho, Ramos, Buggs, Pierce, and the United States move to dismiss the Amended Complaint and attach supporting exhibits to show that Plaintiff did not exhaust his administrative remedies. See Docs. #28, #28-1. Defendant Chiang filed a motion to quash service. See Doc. #32. Plaintiff filed responses opposing the motions and also attached supporting exhibits.[1] See Docs. #29, #33. Upon consideration, the Court finds this action subject to dismissal as to all defendants.

---

[1] Although Defendants attach exhibits supporting their argument that Plaintiff did not exhaust his remedies, the Court will not convert Defendants' motion to a motion for summary judgment. This Court treats the failure to properly exhaust available administrative remedies under the Prison Litigation Reform Act (PLRA) as a matter in abatement, Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008), meaning that procedurally the defense is treated "like a defense for lack of jurisdiction," although it is not a jurisdictional matter. Id. at 1374.

Here, the facts relating to whether Plaintiff exhausted his administrative remedies do not bear on the merits of his other claims. And, Plaintiff has had sufficient opportunity to develop (and did develop) a record on this issue. Accordingly, this Court will consider the pleadings submitted by both sides relating to the issue of exhaustion. However, because the Court declines to convert Defendants' motion to dismiss into a motion for summary judgment, it will not consider any attached documents that do not relate to the issue of exhaustion. Thus, the Court will not consider any of Plaintiff's other exhibits unrelated to the exhaustion issue.

## II.  Factual Background

The pertinent facts alleged in the Amended Complaint are as follows:  on the evening of June 28, 2012, Plaintiff claims he slipped and fell on water outside of a shower located in the Special Housing Unit (SHU).  Amended Complaint at 12. Plaintiff states that he sustained injuries as a result of the fall, including: "injuries to his right and left chest and shoulders, a tear in his left bicep, a fractured right hand, right and left wrist problems, and a right knee injury that swells with prolonged standing."  Id.  Plaintiff claims that Defendants have failed to properly treat his injuries and as a result, he continues to experience pain and limited mobility in his hands and shoulders. Id.

According to the Amended Complaint, Plaintiff underwent several physical examinations and diagnostic tests, including x-rays, MRIs, and CT scans.  Id. at 9.  Plaintiff was prescribed Naproxen for approximately one year to alleviate the pain he associated with these injuries.  Id. As of the date Plaintiff filed the Amended Complaint, however, he was no longer prescribed the Naproxen and now has to take over-the-counter pain medication at his own expense.  Id.

Plaintiff claims that Defendants are at fault for entirely failing to treat his serious medical conditions.  Id. Specifically, Plaintiff alleges that "[i]t has been since [his] x-

ray diagnosis of the fracture in  his right hand, tissue tear in

the right and left shoulders and chest (found by MRI), tear in

left biceps, and initial notice of problems with my right knee

that medical staff defendants began individual acts to refuse

Plaintiff medical treatment." Id. at 12-13.

The only specific allegations regarding each Defendant, with

the exception of Defendant Carver who is not mentioned in the

Amended Complaint, are as follows:

> -Defendant Doctor Li prescribed a medical
> wrist brace, but on August 21, 2013 when
> Plaintiff went to do a medical request to
> pick-up the brace, he was denied. Plaintiff
> filed a grievance regarding such.
>
> -On August 22, 2013, Defendant S. Buggs
> responded to Plaintiff's aforementioned
> grievance and told Plaintiff to report to her
> on August 27 for the brace. Defendant Buggs
> never showed up to see Plaintiff for the
> callout. Buggs has refused to order "the
> necessary level of treatment."
>
> -Defendant Doctor Lee examined Plaintiff and
> concluded that Plaintiff had a torn muscle or
> ligament, and swelling of his right hand, but
> said the Government wouldn't pay for the
> operation and treatment to correct the
> problem.
>
> -Defendants J. Cacho, M. Ramos examined
> Plaintiff, but never attempted to request any
> form of treatment.
>
> -Defendant Pierce, the Physical Therapist,
> conducted one visit and refused further
> treatment.
>
> -Defendant Doctor Chiang, an orthopedic
> surgeon, assessed Plaintiff's injuries and
> reviewed the x-rays and MRIs, and "denied the

> true findings of the facture to [Plaintiff's]
> hand, and said carpal tunnel was the cause for
> pain in wrists."  Doctor Chiang said "nothing
> could be done about [Plaintiff's] biceps
> tear."

Id. at 14.  Based on the foregoing, Plaintiff believes Defendants have shown deliberate indifference to his medical needs.  As relief, Plaintiff seeks monetary compensation, including punitive damages, for his physical and emotional injuries.  Id. at 15.

### III. Defendants' Motion to Dismiss

Defendants Lee, Li, Carver, Cacho, Ramos, Buggs, Pierce, and the United States move to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  See generally Doc. #28.  With regard to the FTCA claim, Defendants' raise three arguments: (1) Plaintiff failed to exhaust his administrative remedies because the grievances only pertained to the slip and fall, not the medical care related thereto; (2) Plaintiff failed to file his federal tort claim within the requisite six-month statute of limitations; and (3) the allegations in the Amended Complaint are conclusory in nature and do not satisfy Federal Rule of Civil Procedure 8.  Id. at 17-19.

Turning to the Bivens claims, Defendants also raise three arguments: (1) Defendants are entitled to qualified immunity because there is no violation of the Eighth Amendment based on the face of the Amended Complaint; (2) Plaintiff did not fully and properly exhaust his administrative remedies; and, (3) the

allegations in the Amended complaint are conclusory in nature and do not satisfy Federal Rule of Civil Procedure 8.  Id. at 8-12.

### IV.  Standards of Review

### A.  Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(1) provides for a dismissal of an action if the court lacks subject matter jurisdiction.  When reviewing a motion to dismiss for lack of subject matter jurisdiction, the allegations of the complaint should be construed in a light most favorable to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 237 (1974); Cole v. United States, 755 F.2d 873, 878 (11th Cir. 1985).  Attacks on subject matter jurisdiction come in two forms.  Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.2d 1271, 1279 (11th Cir. 2009); Lawrence v. Dunbar, 919 F.2d 1525, 1528 (11th Cir. 1990).  The first is a facial attack on the complaint, which requires the court to see whether plaintiff has sufficiently alleged a basis of subject matter jurisdiction.  Lawrence, 919 F.2d at 1529.  In considering facial validity, the court must take the allegations in the complaint as true for purposes of the motion.  Id.  In contrast, as in the instant case, a factual attack challenges the existence of subject matter jurisdiction, or the court's power to hear the case.  Id.  The court can look outside the pleadings in order to make its determination, and the court is free to weigh the evidence in order to determine whether it has jurisdiction.  Id.; see also

Bryant, 530 F.3d at 1376 (stating "[w]here exhaustion--like jurisdiction, venue, and service of process--is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop the record."). The Court nonetheless will liberally construe Plaintiff's *pro se* pleadings and hold the pleadings to a less stringent standard than pleadings drafted by an attorney. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Amended Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009) (discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."[2] Id.

---

[2]Additionally, the PLRA requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a

A complaint must satisfy the pleading requirements of Federal Rule of Civil Procedure 8 by simply giving the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. <u>Conley v. Gibson</u>, 355 U.S. 41 (1957).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>See</u> <u>Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted).

**B.  Negligence and the Federal Tort Claims Act**

"It is well settled that sovereign immunity bars suit against the United States except to the extent that it consents to be sued." <u>Means v. United States</u>, 176 F.3d 1376, 1378 (11th Cir. 1999).  The FTCA provides a "limited waiver" of this sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment.'" <u>JBP Acquisitions, L.P. v. United States ex rel. FDIC</u>, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)).  FTCA liability attaches "under circumstances where the United States,

---

screening process to be applied *sua sponte* and **at any time** during the proceedings.  <u>Id.</u> (emphasis added).  Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted.  § 1915(b)(1).  The standards that apply to a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply to a dismissal under § 1915(b)(1).  <u>Leal v. Georgia Dep't of Corr.</u>, 254 F.3d 1276, 1278-79 (11th Cir. 2001).

if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).

The United States is the only permissible defendant in an FTCA action.  See 28 U.S.C. § 2679(b)(1) (the FTCA remedy against the United States "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim"); United States v. Smith, 499 U.S. 160, 166–67 & n. 9 (1991) (noting that § 2679(b)(2) provides two exceptions to the exclusive remedy provision, allowing injured plaintiffs to obtain "remedy for torts committed by government employees in the scope of their employment" under Bivens or "under a federal statute that authorizes recovery against a government employee").  Therefore, a plaintiff may proceed against the United States, as the sole permissible defendant under the FTCA, and against a federal employee, under Bivens, and he may do so in the same civil action. See Denson v. United States, 574 F.3d 1318, 1336 (11th Cir. 2009) (noting that, "[a]s co-extensive causes of action, Bivens and FTCA claims necessarily arise from the same wrongful acts or omissions of a government official[,]" and analyzing viability of both sets of claims) (quoting Carlson v. Green, 446 U.S. 14, 20 (1980), for proposition that "plaintiffs, '[i]n the absence of a contrary expression from Congress, . . . shall have an action under FTCA

against the United States as well as a <u>Bivens</u> action against the individual officials alleged to have infringed their constitutional rights'"")).

### C. Civil Rights Violations under <u>Bivens</u>

In order to state a <u>Bivens</u> claim against a federal official in his individual capacity, a plaintiff must allege that: (1) a federal official acting under color of federal law; (2) deprived him of a right secured by the United States Constitution. <u>Bivens</u>, 403 U.S. at 388; <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 71 (2001). Because claims under 42 U.S.C § 1983 and <u>Bivens</u> are similar, courts generally apply § 1983 law to <u>Bivens</u> cases. <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11th Cir. 1995). Similar to § 1983, "[i]t is well established that supervisory officials are not liable under [<u>Bivens</u>] for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1234 (11th Cir. 2003). "[T]he immunities provided federal officials in <u>Bivens</u> are coextensive with those provided state officials in §1983 actions." <u>Bolin v. Story</u>, 225 F.3d 1234, 1241-42 (11th Cir. 2000). A plaintiff may bring a <u>Bivens</u> action against a federal officer in his individual capacity, but may not bring a <u>Bivens</u> action against a federal agency, or federal officer in his official capacity. <u>See</u> <u>Solliday v. Fed. Officers</u>, 413 F. App'x 206, 209-210 (11th Cir. 2011) (citations omitted). <u>Bivens</u> actions also do not extend to private

- 11 -

entities, or employees of private entities, alleged to have acted unconstitutionally under color of federal law.  Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69-70 (2001).

## V.    Analysis

### A.  Bivens Claim and Qualified Immunity

The qualified immunity doctrine "protect[s] government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Youmans v. Gagnon, 626 F.3d 557, 562 (11th Cir. 2010) (internal quotation marks omitted).  The protection of qualified immunity allows officials to carry out discretionary duties without fear of personal liability or threat of possible litigation.  McCullough v. Antolini, 559 F.3d 1201, 1205 (11th Cir. 2009) (citations omitted).  If a government official is acting within the scope of his discretionary authority, the burden then shifts to the plaintiff to allege a constitutional violation, which would render application of this immunity inappropriate.  Id.

Courts follow a two-part analysis when a defendant asserts qualified immunity, asking whether the plaintiff carried its burden of showing: (1) that the defendant's actions deprived the plaintiff of a constitutional right; and (2) that the constitutional right at issue was clearly established at the time of the defendant's actions.

There is no disagreement that Defendants were acting within the scope of their discretionary authority.  Here, the Court must determine whether the Amended Complaint contains sufficient allegations to state an Eighth Amendment claims against defendants.

## B.  Eighth Amendment Deliberate Indifference Principles

"[D]eliberate indifference to [the] serious medical needs of [a] prisoner [ ] constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment."  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Campbell v. Sikes, 169 F.3d 1353 (11th Cir. 1999).  In order to state a claim for a violation under the Eighth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  This showing requires a plaintiff to satisfy an objective and a subjective inquiry.  Farrow, 320 F.3d at 1243 (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000)).  A plaintiff must first show that he had an "objectively serious medical need."  Id.  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Id. (citations omitted).  "The medical need must be

one that, if left unattended, pos[es] a substantial risk of serious harm." Id.

Second, a plaintiff must establish that a defendant acted with "deliberate indifference" by showing both a: (1) subjective knowledge of a risk of serious harm (i.e., both awareness of facts from which the inference could be drawn that a substantial risk of serious harm exists and the actual drawing of the inference); and (2) disregard of that risk; and (3) conduct that is more than gross negligence. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005). "Whether a particular defendant has subjective knowledge of the risk of serious harm is a question of fact 'subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" Goebert v. Lee County, 510 F.3d 1312, 1327 (11th Cir. 2007) (quoting Farmer v. Brennan, 511 U.S. 825, 842 (1994)).

Inadvertence or mere negligence in failing to provide adequate medical care does not rise to a constitutional violation. Farrow, 320 F.3d at 1243. Rather, "medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Choosing an easier but less

efficacious course of treatment can also demonstrate deliberate indifference.  McElligott, 182 F.3d at 1255.

However, a mere difference in medical opinion between the inmate and the care provider does not constitute deliberate indifference.  The Supreme Court has concluded that decisions such as whether an x-ray, additional diagnostic techniques, or other forms of treatment are indicated are "[c]lassic example[s] of matters for medical judgment."  Estelle, 429 U.S. at 107.  The course of treatment chosen by a medical official would appear to be such "a classic example of a matter for medical judgment."  See Estelle, 429 U.S. at 107.  Thus, no constitutional violation exists where an inmate and a prison medical official merely disagree as to the proper course of medical treatment.  See Harris, 941 F.2d at 1505.

Moreover, to prevail on a Bivens claim alleging deliberate indifference to a serious medical need, a plaintiff must show causation between the defendant's deliberate indifference and his injury.  Hairston v. Negron, 557 F. App'x 884, 891 (11th Cir. 2014) (citations omitted).

### C.  Whether there are sufficient allegations to plausibly support that Defendants acted with deliberate indifference

Initially, the Court notes that the Amended Complaint contains no allegations as to Defendant Carver's alleged involvement in Plaintiff's medical treatment, or alleged lack

thereof.  See generally Amended Complaint.  Because there are no facts supporting a causal connection between Defendant Carver and the alleged Eighth Amendment violation, the Court grants the motion to dismiss as to Defendant Carver.

With regard to the remaining Defendants, Plaintiff's allegations in his Amended Complaint belie his conclusory assertions that Defendants acted with deliberate indifference to his serious medical needs.  Initially, the injuries or problems Plaintiff sustained after the fall, i.e. "right and left chest and shoulder [injuries]," "tear in left bicep," "right and left wrist problems," do not satisfy the definition of a serious medical need (i.e. one that has been diagnosed by a physician as mandating treatment or one that is obvious that even a lay person would recognize the necessity for a doctor's attention).  See Youmans, 626 F.3d at 561 (concluding that plaintiff had not established a "serious medical need" when he had "several cuts and abrasions on his head, face, shoulder, elbow, and hand" and appeared to be bleeding slightly); Jackson v. Capraun, 534 F. App'x 854 (11th Cir. 2013) (affirming district court's dismissal of action in which court found acute back pain did not constitute a serious medical condition).  Further, these conditions were not such that "if left unattended, pose[d] a substantial risk of serious harm." Farrow, 320 F.3d at 1245.  Further, to the extent Plaintiff claimed he had a fractured right hand, his allegations belie that contention

considering Defendant Chiang evaluated him, reviewed his diagnostic tests, found no fracture, and diagnosed him with carpal tunnel syndrome. Amended Complaint at 14.  As alleged in the Amended Complaint no less than four medical professionals evaluated Plaintiff and determined that no follow-up treatment was necessary.

Assuming *arguendo* that Plaintiff's injuries he sustained from the fall constitute a serious medical condition, the allegations do not plausibly allege deliberate indifference. Plaintiff was evaluated by Defendants Li, Lee, Cacho, Ramos, Pierce, and Chiang. Amended Complaint at 9.  Defendant Chiang diagnosed Plaintiff with carpal tunnel syndrome and told Plaintiff there was nothing that could be done with respect to his bicep tear.  Id.  Defendant Pierce provided Plaintiff with physical therapy, albeit one time. Id.  Plaintiff also underwent several diagnostic tests including MRIs, Catscans, and x-rays.  Id.  Plaintiff was provided with Naproxen for approximately one year and now can take over-the-counter pain medication to the extent necessary.  Id.  Plaintiff simply disagrees with all of these medical evaluations and believes more should have been done, or that he should have had a different course of treatment.  Id.  Because an inmate's disagreement with medical officials as to diagnosis or course of treatment does not amount to a violation of a Constitutional right, Defendants Li, Lee, Cacho, Ramos, Buggs, and Pierce are entitled to qualified

immunity.  See Brown v. Pastrana, 446 F. App'x 270, 273 (11th Cir. 2011) (affirming district court's decision to grant defendants' qualified immunity as to the plaintiff's medical care claims stemming from injuries he sustained when falling off a bunk bed). Additionally, Defendant Chiang is dismissed because the Complaint fails to state a claim.[3]

### D.  FTCA Claim against United States is Barred by the Statute of Limitations

The United States asserts that Plaintiff failed to file this action within the requisite six-month statute of limitations. Doc. #28 at 17.  Defendant notes that Plaintiff had filed another Complaint alleging claims of deliberate indifference and negligence based on the facts alleged *sub judice* in case number 5:13-cv-515-WTH-PRL, which was filed within the statute of limitations.  This case was dismissed due to Plaintiff's failure to comply with the Court's orders, however.  Id. at fn. 3. Defendant argues that dismissal of a previous lawsuit without prejudice does not authorize a subsequent lawsuit brought outside the otherwise binding period of limitations.  Id.

---

[3]The Court sua sponte dismisses Chiang under § 1915A.  Chiang, as the orthopedic surgeon, was not included in the Defendants' motion to dismiss and instead separately moved to quash service. See Doc. #32.  Because the Court finds the Amended Complaint fails to state an Eighth Amendment claim against Chiang, the Court denies as moot Chiang's motion to quash service effected by the United States Marshal.

The Court agrees with Defendant that the FTCA claim is barred by the statute of limitations.  The FTCA requires that the claimant present his claim to the appropriate federal agency within two years after the claim accrues and the law suit must be commenced within six months after the receipt of a final agency decision. Phillips v. United States, 260 F.3d 1316, 1318 (11th Cir. 2001)(citations omitted).  The BOP denied Plaintiff's administrative claim on June 5, 2013, but Plaintiff did not bring this action until January 31, 2014, more than six months beyond the deadline.  Plaintiff's filing of the initial lawsuit, which was dismissed due to Plaintiff's failure to comply with the Court's order, does not extend the statute of limitations.  Stein v. Reynolds Securities, Inc., 667 F.2d 33, (11th Cir. 1982). Accordingly, Plaintiff's FTCA claim is time-barred.

**E.  FTCA Claim is not Exhausted**

The United States also asserts that Plaintiff has failed to exhaust his administrative remedies.  Doc. #28 at 14-17. Significantly, Defendant points out that the administrative tort claim Plaintiff submitted to the BOP concerned his slip and fall, not his claims that he was being denied medical treatment for his injuries.  Id.

Title 42 U.S.C. § 1997e(a) provides that

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

> confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.  Administrative exhaustion under the FTCA requires an inmate to submit written notification of the incident to the federal agency responsible for the activities giving rise to the claim. Specifically, 28 U.S.C. § 2675(a) provides that a claimant may not bring an FTCA action against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency[.]" 28 U.S.C. § 2675(a).  To sufficiently meet § 2675(a)'s requirement of giving notice to the appropriate federal agency, a claimant must: (1) give the appropriate agency written notice of his or her claim sufficient to enable the agency to investigate; and (2) place a value on his or her claim. Burchfield v. United States, 168 F.3d 1252, 1255 (11th Cir. 1999).  If the plaintiff has not satisfied those requirements, the district court lacks jurisdiction over the FTCA claim.  Id. at 1254-55.

Here, Defendant attaches to its motion to dismiss exhibits supporting their assertion that Plaintiff did not properly exhaust his FTCA medical claims.  See Doc. #28-1.  Plaintiff filed Administrative Tort Claim Number TRT-SER-2012-06252 on September 12, 2012 concerning his fall outside of the shower and safety issues concerning the shower.  The content of the tort claim concerned only his fall and shower hazards.  Nothing in this tort

claim form provided notice that Plaintiff was not receiving medical care for any injuries related thereto.  Accordingly, Plaintiff's FTCA medical negligence claims are dismissed without prejudice for failure to exhaust his administrative remedies.  28 U.S.C. § 2675(a); 42 U.S.C. § 1997e(a).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Chiang is dismissed *sua sponte* under § 1915 because the Amended Complaint fails to state a claim.

2. The motion to dismiss filed on behalf of Defendants (Doc. #28) is **GRANTED.**

3. Defendant Chiang's motion to quash service (Doc. #32) is **DENIED** as moot.

4. The Clerk of Court shall enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Ocala, Florida on this ___7th___ day of August, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record